IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IGNACIO LEON LOPEZ,

Petitioner,

vs.

WARDEN OF THE LINCOLN COUNTY JAIL, in their official capacity, et al.,

Respondents.

8:26-CV-615

ORDER

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the Lincoln County Jail in North Platte, Nebraska. Filing 1. Pursuant to 28 U.S.C. § 2243, the Court ordered the government to make a return showing the true cause of the petitioner's detention. Filing 4. The government's return (filing 6) identifies a single legal basis for the detention: That the petitioner is subject to mandatory detention pursuant to 8 U.S.C. §§ 1226(c)(1)(B) and 1227(a)(2)(A)(ii) because he has been convicted of two or more crimes involving moral turpitude. Filing 6 at 3-5

Which crimes? That's the question. The government's supporting declaration only identifies three criminal *convictions*:

> 18. On December 06, 2021, the District Court of Hall County, NE convicted Petitioner for Assault, 2nd Degree, and sentenced him to one year in jail.
>
> 19. On December 23, 2021, the County Court of Hall County, NE convicted Petitioner for False Reporting and sentenced him to 10 days in jail.

> . . . .
>
> 22. On August 13, 2026, the District Court of Hall County, NE convicted Petitioner for Operate a Motor Vehicle to Avoid Arrest, Assault 3rd degree on Peace Officer, Resisting Arrest and sentenced him to 60 days in jail.

Filing 8 at 4. None of the underlying court documents are provided. And the government's brief doesn't explain why any of those offenses are "crimes involving moral turpitude" within the meaning of § 1227(a)(2)(A)(ii).

Determining whether offenses involve "moral turpitude" isn't as simple as waving in their general direction. *See*, *e.g.*, *Ortiz v. Barr*, 962 F.3d 1045, 1048-49 (8th Cir. 2020) (explaining categorical approach for determining whether a state offense qualifies as a crime involving moral turpitude).

> Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude.

*Id.* (citing *Chanmouny v. Ashcroft*, 376 F.3d 810, 811-12 (8th Cir. 2004)). Furthermore, to constitute a crime involving moral turpitude, the offense must require a culpable mental state and reprehensible conduct. *Id.* Assault, for instance, "'may or may not involve moral turpitude'" and the inquiry "'involves an assessment of both the state of mind and the level of harm required to complete the offense.'" *Id.* at 1049 (quoting *Matter of Solon*, 24 I. & N. Dec. 239,

241-42 (BIA 2007)). Making that determination—a question of law, *see id.* at 1048—is next to impossible with the limited information about the petitioner's convictions that the government has provided.

And the rest of the record only muddies the waters further. The notice to appear served on the petitioner identifies INA § 237(a)(2)(A)(ii)—*i.e.* § 1227(a)(2)(A)(ii))—as the basis for removability, but the only page provided lists only one offense. Filing 8-1 at 1. More troubling is the fact that the petitioner provided a state court docket reflecting an August 13, 2026 state court conviction that is materially inconsistent with the government's declaration. *Contrast* filing 8 at 4 (stating that the state court "convicted Petitioner for Operate a Motor Vehicle to Avoid Arrest, Assault 3rd degree on Peace Officer, Resisting Arrest and sentenced him to 60 days in jail"), *with* filing 2 at 12-17 (indicating that the state court convicted the petitioner of misdemeanor operating a motor vehicle to avoid arrest, sentenced him to probation and revoked his driver's license, and dismissed all other charges).

The Court has considered whether to order the petitioner's immediate release as a result of the government's failure to substantiate its return. The government was, after all, ordered to provide the Court with "[s]uch affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention." Filing 4 at 2. But the Court will give the government one more chance to support its argument.

IT IS ORDERED:

1. On or before November 5, 2026, the federal respondents shall file a supplemental return containing:

a. Court documents substantiating the averments contained in ¶¶ 18, 19, and 22 of their declaration, and

b. A brief articulating the legal basis for concluding that any or all of those convictions were "crimes involving moral turpitude" within the meaning of § 1227(a)(2)(A)(ii).

2. The petitioner may reply in support of his petition on or before November 12, 2026.

Dated this 29th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge